J-S45030-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRIAN DWIGHT GAINER | : | |
| | : | |
| Appellant | : | No. 1037 MDA 2023 |

Appeal from the PCRA Order Entered July 11, 2023
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0004760-2019

BEFORE:   BOWES, J., LAZARUS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED:  DECEMBER 28, 2023**

Brian Dwight Gainer appeals, *pro se*, from the order, entered in the Court of Common Pleas of Lancaster County, dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we affirm.

On December 4, 2019, Gainer entered a negotiated guilty plea at four docket numbers.  At the above-captioned docket number, 4760-2019, Gainer pled guilty to ten counts, including, as relevant here, three counts of persons not to possess a firearm,[1] graded as a felony of the first degree.[2]  That same day, the court sentenced Gainer to an aggregate negotiated sentence of 9 to

_____

[*] Former Justice specially assigned to the Superior Court.

[1] **See** 18 Pa.C.S.A. § 6501(a)(1).

[2] **See id.** at § 6105(a.1)(1.1)(i).

25 years' imprisonment, which included three concurrent terms of 6 to 15 years' imprisonment for the three counts of persons not to possess. Gainer did not file post-sentence motions or a direct appeal. Thus, for purposes of the PCRA, his judgment of sentence became final on or about January 3, 2020.

On January 19, 2023, Gainer filed the instant, *pro se*, PCRA petition, asserting that his sentence for persons not to possess was illegal, as the offenses should have been graded as second-degree felonies. In his *pro se* petition, Gainer baldly asserted that "through his own due diligence he has met the exception [under] 42 Pa.C.S.A. § 9545[(b)(1)(ii)]—the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." *Pro Se* PCRA Petition, 1/19/23, at 9. The PCRA court appointed counsel, who filed a **Turner**/**Finley**[3] "no-merit" letter and motion to withdraw as counsel, concluding that Gainer's petition was untimely and that no PCRA exception applied. On June 15, 2023, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Gainer's petition as untimely. Gainer filed a timely Rule 907 response and, on July 11, 2023, the court dismissed his petition.

Gainer filed a timely notice of appeal, followed by a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. He raises the following claims for our review:

---

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc).

1. Was the sentence imposed illegal?

2. Was appointed PCRA counsel ineffective in failing to adequately address claims preserved in [Gainer's] PCRA [petition] in accordance with *Turner*/*Finley*?

3. Did the [PCRA] court abuse its discretion after reviewing PCRA counsel's *Turner*/*Finley* no[-]merit letter, agreeing that no meritorious issues exist?

4. Did [the PCRA] court err[] in failing to correct an illegal sentence?

Brief of Appellant, at 2.

Before reaching the issues that Gainer raises in his appellate brief, we must first determine whether the PCRA court correctly determined that Gainer's PCRA petition was untimely filed. Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence becomes final unless the petitioner alleges, and proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii), is met.[4] A PCRA petition

_____

[4] The exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court

*(Footnote Continued Next Page)*

- 3 -

invoking one of these statutory exceptions must be filed within one year of the date the claims could have been presented. ***See*** 42 Pa.C.S.A. § 9545(b)(2).

Here, Gainer's judgment of sentence became final on January 3, 2020, at the expiration of the period for seeking direct review in this Court. ***See*** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a). Thus, Gainer had until January 3, 2021, to file a timely PCRA petition. Gainer's instant petition, filed more than three years after his judgment of sentence became final, is patently untimely, unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies.

Here, Gainer asserts that a challenge to the legality of a sentence "is never waived or barred from present[ation]." Brief of Appellant, at 5. He also claims that he has satisfied the newly-discovered fact exception to the time bar, as, "[a]fter a thorough examination of the sentence order, [Gainer] found the error and requested [the PCRA] court correct the mistake." ***Id.*** at 4. He is entitled to no relief.

> It is generally true that "this Court is endowed with the ability to consider an issue of illegality of sentence *sua sponte*." ***Commonwealth v. Orellana***, 86 A.3d 877, 883 n.7 (Pa. Super. 2014) (citation omitted). However, in order for this Court to review a legality of sentence claim, there must be a basis for our jurisdiction to engage in such review. ***See Commonwealth v.***

---

> of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

> ***Borovichka***, 18 A.3d 1242, 1254 (Pa. Super. 2011) (stating, "[a] challenge to the legality of a sentence ... may be entertained as long as the reviewing court has jurisdiction[ ]") (citation omitted). As this Court recently noted, "[t]hough not technically waivable, a legality [of sentence] claim may nevertheless be lost should it be raised . . . in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim." [***Commonwealth v.*** ]***Seskey***, [86 A.3d 237,] 242 [(Pa. Super. 2014)].

***Commonwealth v. Miller***, 102 A.3d 988, 995–96 (Pa. Super. 2014).

Gainer has failed to satisfy the newly-discovered fact exception. He has been aware of his sentence since the date it was imposed, December 4, 2019. As the duration of Gainer's sentence is not a newly-discovered fact, he is unable to prove entitlement to a time-bar exception to the PCRA.[5] Therefore,

_____

[5] Even if Gainer had established an exception to the time bar, his sentence is not illegal. The offense of persons not to possess under section 6105 is graded as a first-degree felony if the person has previously been convicted of an enumerated offense (in Gainer's case, burglary) and, at the time of his section 6105 violation, "was in physical possession or control of a firearm, whether visible, concealed about the person[,] or within the person's reach." 18 Pa.C.S.A. § 6105(a.1)(1.1)(i). Here, at the time of Gainer's section 6105 violation,

> [Trooper] Nicholas Long observed and photographed [Gainer] with a black, semi-automatic style rifle slung over his shoulder. On the same day, [Gainer] was seen near a black utility box and later seen fleeing in a black GMC Sierra. The GMC Sierra became disabled, and two firearms were found in the center console. A later search of the black utility box revealed the semi-automatic style rifle that [Trooper] Long saw [Gainer] carrying. [Gainer] does not contend that he was not aware of the firearms found in the GMC Sierra or the black utility box. Since [Gainer] had physical possession or control of a firearm and was within reach of a firearm during a violation of subsection (a), the [c]ourt did not err in grading the [section 6105] conviction [] as an F1.

*(Footnote Continued Next Page)*

the PCRA court properly determined that it lacked jurisdiction to consider the merits of Gainer's petition, as it was untimely filed and no exception was proven.

Order affirmed.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 12/28/2023

_____

Rule 907 Notice, 6/15/23, at 7.